UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES JUSTIN CHANNELL,

    Plaintiff,

v.                                        Case No. 5:23-cv-280-TKW/MJF

ROWDY FOLSOM, *et al.*,

    Defendants.
                                   /

## REPORT AND RECOMMENDATION

The undersigned has preliminarily screened Plaintiff's second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because the facts as presented in this complaint fail to state a facially plausible claim for relief against the named Defendants, the District Court should dismiss this civil action.

### I. Background

In his second amended complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff names as Defendants three employees of the Florida Department of Corrections: Captain Rowdy Folsom, Classification Officer Parrish, and Daniel Stewart. Doc. 37 at 1. Plaintiff is suing Defendants in their official capacities. *Id.* at 2–3. Plaintiff asserts three claims:

- Count I—Folsom violated the Eighth Amendment by not protecting Plaintiff from a serious risk of harm;

- Count II—Parrish violated the Eighth Amendment by not protecting Plaintiff from a serious risk of harm; and

- Count III—Stewart violated the Fourteenth Amendment by failing to follow the FDC's grievance procedure.

Plaintiff seeks damages and restoration of gain time. *Id.* at 7.

## II. STANDARD

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d

1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

#### A. Plaintiff's Official-Capacity Claims

Plaintiff's claims must be dismissed for two independent reasons. First, official-capacity claims are barred by sovereign immunity as recognized by the Eleventh Amendment. Second, States and their agencies are not "persons" within the meaning of § 1983 and cannot be sued for damages.

#### 1. *Sovereign Immunity*

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, in a section 1983 action "a claim against a defendant in his official capacity is the same as a claim against his employer." *Christman v. Saint Lucie Cnty., Fla.*, 509 F. App'x 878, 879 (11th Cir. 2013) (citing *McMillian v.*

*Monroe Cnty., Ala.*, 520 U.S. 781, 785 n.2 (1997)). In other words, Plaintiff's claim against Defendants—employees of the Florida Department of Corrections acting in their official capacities—is a suit against the FDC. The FDC, a state agency, is "clearly the equivalent of the State of Florida for the Eleventh Amendment purposes." *Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996).

The Eleventh Amendment recognizes that States may assert sovereign immunity that would bar suits by an individual against a State, its agencies, and its employees, unless Congress has abrogated the State's sovereign immunity or the State has consented to the lawsuit. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Congress has not abrogated the States' sovereign immunity in actions for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67–68 (1989). Furthermore, Florida has not waived its sovereign immunity in § 1983 actions. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages.") (internal citation and quotations omitted).

*Ex parte Young* provides a narrow exception to sovereign immunity in cases where a party is seeking prospective relief against State officials for violation of federal law. 209 U.S. 123 (1908). This exception applies only when the alleged violations are ongoing and not when the relief pertains to past violations of federal law. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) ("The Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. . . . We have refused to extend" *Ex parte Young* to "claims for retrospective relief."). Plaintiff's complaint identifies only past misconduct, not anticipated future harm. Doc. 37 at 5–6 (noting that the events giving rise to the complaint occurred in September and October 2023). Because Plaintiff has not alleged an ongoing constitutional violation, his claims do not fit within the narrow *Ex parte Young* exception to immunity. Therefore, his official-capacity claims are barred by sovereign immunity.

### 2. *Defendants Sued in Their Official Capacities are not "Persons" For Purposes of § 1983*

Only "persons" may be sued for damages under section 1983, and "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983." *Edwards v. Wallace*

*Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995). For this second, independent reason, Plaintiff's request for damages against Defendants in their official capacity must be dismissed.

**B.     Plaintiff's Request for Restoration of Gain Time Credits**

To the extent Plaintiff is seeking injunctive relief in the form of the restoration of his lost "gain time credits," he cannot obtain that relief in a § 1983 action. A prisoner in state custody cannot challenge "the very fact or duration of his physical imprisonment" in a suit brought pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Rather, "[w]hen a state prisoner is challenging the duration of his confinement and the relief sought is a speedier release from imprisonment, the 'sole federal remedy is a writ of habeas corpus.'" *Hale v. Sec'y for Dep't of Corr.*, 345 F. App'x 489, 492 (11th Cir. 2009) (quoting *Preiser*, 411 U.S. at 500). Thus, "state prisoners must use petitions for writs of habeas corpus in seeking restoration of good-time credits." *Roberts v. Wilson*, 259 F. App'x 226, 228 (11th Cir. 2007). The District Court, therefore, should dismiss Plaintiff's claims to the extent he seeks restoration of gain-time credits.

## C.  Amendment Would Be Futile

"[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023). "Amendment is *not* warranted" when an amendment is futile, *i.e.* the amended complaint would still be subject to dismissal. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019); *see Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1288–89 (11th Cir. 2024). Furthermore, the "district court need not . . . allow amendment . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Amendment would be futile because Plaintiff cannot seek restoration of gain time credits in a civil action filed under section 1983 action and because his official-capacity claims are barred by the immunity recognized by the Eleventh Amendment. As for potential individual-capacity claims, the undersigned preliminarily screened Plaintiff's original complaint, advised what he needed to plead to pursue individual-capacity claims, and afforded Plaintiff an opportunity to plead

individual-capacity claims. Doc. 13 at 6–8. Plaintiff elected not to pursue individual-capacity claims. Therefore, the undersigned concludes that further leave to amend the complaint is not warranted.

## IV. CONCLUSION

The undersigned respectfully recommends that the District Court:

1. **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida this 19th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or**

**recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**